UNITED STATES DISTRICT COURT
for the
Western District of Washington

_____ FILED _____ LODGED
_____ RECEIVED
Apr 24 2025
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  MJ25-5120 |
| Alvaro Jose Flores-Barboza ) | |
| *Defendant* | |

# DETENTION ORDER

## Part I - Eligibility for Detention

Upon motion of:
- ☐ the Government, in a case involving an **enumerated offense**, 18 U.S.C. § 3142(f)(1), or
- ☑ the Government or Court, in a case involving a **serious flight risk**, 18 U.S.C. § 3142(f)(2)(A), or
- ☐ the Government or Court, in a case involving **serious obstruction risk**, 18 U.S.C. § 3142(f)(2)(B),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:
There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed an offense:
- ☐ **(1)** for which a maximum term of imprisonment of 10 years or more is prescribed in the **Controlled Substances Act** (21 U.S.C. §§ 801-904), the **Controlled Substances Import and Export Act** (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ **(2)** under 18 U.S.C. §§ 924(c) **(firearm)**, 956(a) **(violent foreign conspiracy)**, or 2332b **(terrorism)**;
- ☐ **(3)** listed in 18 U.S.C. § 2332b(g)(5)(B) **(terrorism-related offenses)** for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** under 18 U.S.C. §§ 1581-1597 **(slavery and human trafficking)** for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ **(5)** involving a **minor victim** under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(prior pretrial release violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
- ☐ **(1)** the defendant is **charged with one of the following crimes** described in 18 U.S.C. § 3142(f)(1):
  - ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  - ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has **previously been convicted** of a Federal offense that is described in **18 U.S.C. § 3142(f)(1)**, or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ *(3)* the **prior conviction described in paragraph (2)** involves an offense **committed while the defendant was on release pending trial** for a Federal, State, or local offense; **and**

☐ **(4)** a period of **not more than five years has elapsed** since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

### C. Conclusions Regarding Applicability of Any Presumption Established Above

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because:

☑ **Flight Risk**: The government proved by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

☐ **Dangerousness**: The government proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ **Stipulation**: The defendant knowingly and voluntarily stipulated to detention without prejudice. The Court affirmed the defendant may request a detention hearing and upon such request the Court will schedule a detention hearing.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- [x] Nature and circumstances of the offense
- [ ] Subject to lengthy period of incarceration if convicted
- [ ] Weight of evidence against the defendant is strong (least important factor)
- [ ] History of violence or use of weapons
- [x] Attempt(s) to evade law enforcement or escape
- [ ] Criminal history
- [ ] Failure(s) to appear in court as ordered
- [ ] On probation, parole, or supervision during the current offense/arrest
- [ ] Violations of probation, parole, or supervised release
- [ ] Lack of stable residence
- [x] Lack of legal status in the United States
- [ ] Lack of significant family ties
- [ ] Significant family or other ties outside the United States
- [ ] Lack of significant community ties
- [ ] Lack of stable employment
- [ ] Lack of financially responsible sureties
- [ ] Dishonest conduct, false statements, or fraud
- [ ] Use of alias(es) or false documents
- [ ] History of alcohol or substance abuse
- [ ] Lack of financial ties
- [ ] Unstable mental condition

OTHER REASONS OR FURTHER EXPLANATION:
All the reasons stated on the record at the detention hearing.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 4/24/2025

*Theresa L. Fricke*

Hon.
United States Magistrate Judge